```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


MORRIS E. CHANEY,                 :

     Plaintiff,                   :

vs.                               :
                                     CIVIL ACTION 08-0076-BH-M
MICHAEL J. ASTRUE,                :
Acting Commissioner of
Social Security,                  :

     Defendant.                   :
```

                    REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Oral argument was heard on August 25, 2008.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Morris E. Chaney on all claims.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Plaintiff was fifty-one years old, had completed several years of college education (Tr. 477-78), and had previous work experience as a bail bondsman, security guard, and police officer (Tr. 442, 449, 477).  In claiming benefits, Plaintiff alleges disability due to Diabetes Mellitus Type II, hypertension, bilateral rheumatoid arthritis of the knees, and right eye blindness (Doc. 10).

The Plaintiff filed protective applications for disability benefits and SSI on October 21, 2002 (Tr. 52-56, 224-26). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Chaney was capable of performing his past relevant work as a bail bonding agent as it is normally performed in the national economy (Tr. 11-26).  Plaintiff requested review of the hearing decision (Tr. 430-31) by the Appeals Council, but it was denied (Tr. 7-9).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Chaney alleges

that: (1) The ALJ committed reversible error by assigning substantial weight to a physician whose report is inconsistent with the ALJ's own conclusions; and (2) the ALJ erred in not assigning any weight to the opinion of Plaintiff's former employer (Doc. 10). Defendant has responded to—and denies—these claims (Doc. 13).

Chaney's first claim is that the ALJ committed reversible error by assigning substantial weight to a physician whose report is inconsistent with the ALJ's own conclusions. Plaintiff specifically refers to the report by Dr. John G. Yager (Doc. 10, pp. 6-11). In connection with that argument, Chaney further suggests that the ALJ should have given greater weight to the report by Dr. Carol R. Parks.

The Court has reviewed the various arguments made by Plaintiff regarding Dr. Yager and, for purposes of moving the discussion along, accepts them as true. However, the Court does not find this to be reversible error. The Court finds that the ALJ's decision to give greater weight to the opinions of Dr. Yager, as opposed to Dr. Parks, resulted in, at most, harmless error. A discussion of the report issued by Dr. Parks follows.

Dr. Parks, a primary care physician, examined Plaintiff on March 22, 2005 and noted that she had, for her perusal, several years worth of Chaney's prior medical records which she considered in reaching her conclusions (Tr. 374-84). The doctor

noted that Plaintiff was in no acute distress and oriented as to time, person, and place; she noted that he had opacification of the lens in his eyes, rendering him able to see light, but not the number of fingers she was holding up.  Dr. Parks noted normal bending in all spheres except for "a slight decrease in left rotational effort at the cervical level" (Tr. 375).  Heel-toe walking was a bit unsteady and he had difficulty squatting.  The doctor's impression was that Chaney's hypertension needed further regulation and that his diabetes needed attention; arthritis in his knees would limit Plaintiff to a desk job.  Parks indicated that Plaintiff would have no difficulty with sitting, standing, or walking, but she restricted his lifting to five pounds.  Chaney's lack of depth perception would eliminate him from performing his past work as a policeman; vision problems, in general, might keep him from being able to do a lot of reading.

The ALJ concluded that Plaintiff could perform his past work[1] as a bail bonding agent as it is described in the *Dictionary of Occupational Titles*.[2]  In reaching this conclusion,

---

[1]Plaintiff has not directly challenged this finding.

[2]The description for this position is as follows:

186.267-010 BONDING AGENT (business ser.) alternate titles: bail bonding agent

   Investigates arrested person to determine bondability:  Interviews bond applicant to ascertain character and financial status.  Furnishes bond for prescribed fee upon determining intention of accused to appear in court.  Posts and signs bond with court clerk to obtain release of client.  Forfeits amount of bond if client fails to appear

the ALJ discounted some of the opinions provided by Dr. Parks as being internally inconsistent and unsupported by the other evidence of record (Tr. 23).  The Court notes that Chaney has not challenged these particular findings by the ALJ.  Dr. Parks' notes clearly indicate that Chaney is capable of performing a desk job.  The only restriction which Parks placed on Plaintiff which would prohibit him from performing his past work was the five-pound lifting limit; the ALJ found no support in the record for this limit.  The Court finds that the evidence of record provides substantial support for that conclusion.  The Court finds that Plaintiff's argument that the ALJ improperly relied on the report of Dr. Yager and should have relied on the report of Dr. Parks demonstrates, at most, harmless error and is, therefore, of no merit.

   Chaney next argues that the ALJ erred in not assigning any weight to the opinion of Plaintiff's former employer (Doc. 10, pp. 11-13).  Chaney has referenced social security regulations and a social security ruling as support for his argument.

   The opinion to which Chaney refers is a "To Whom It May Concern Letter," dated July 6, 2005, which states, in total, as follows:  "This is to inform you that Morris Chaney was an employee with my company in the past.  Due to present health

---

for trial.  GOE: 07.04.01 STRENGTH: S GED: R4 M3 L4 SVP: 6 DLU: 77 *Dictionary of Occupational Titles*.

conditions, he is not able to perform the duties of a bail bondsman.  If you have any questions, please feel free to call me" (Tr. 280).  The ALJ rejected the statement, noting that "the employer is not a medical source, no supporting objective medical evidence was provided, and there were no details concerning the specific functions the claimant could not perform" (Tr. 20).

The social security regulations state that evidence which demonstrates disability will be considered.  This evidence includes "[s]tatements you or others make about your impairment(s), your restrictions, your daily activities, your efforts to work, or any other relevant statements you make to medical sources during the course of examination or treatment, or to us during interviews, on applications, in letters, and in testimony in our administrative proceedings."  20 C.F.R. § 404.1512(b)(3).  Chaney has also referenced SSR 06-03p[3] in making his argument, but Defendant has correctly noted that it did not go into effect until August 9, 2006 which post-dates the ALJ's decision by nearly nine months (Doc. 13, p. 12; *cf.* Tr. 26).

The Court finds substantial support for the ALJ's rejection of the Employer's opinion as the Employer failed to state any basis whatsoever for his opinion.  More specifically, the

---

[3]"Considering Opinions and Other Evidence from Sources who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies."

Employer should have set out the physical job requirements necessary for accomplishing a day's work and explain why Plaintiff is no longer able to perform those tasks.  While the Court is not holding that a statement such as this, alone, would have been sufficient for the ALJ to give it weight and reach a conclusion of disability, it is, at least, a threshold which must be crossed; that was not done here.  The Employer's assertion here amounts to an unsupported medical opinion.  Chaney's claim otherwise is without merit.

Plaintiff has raised two claims in bringing this action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Morris E. Chaney.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d

736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 27th day of August, 2008.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE